

# NUMBER 13-21-00125-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JONATHAN REY CHAVEZ
A/K/A JONATHAN CHAVEZ,                                              Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

On appeal from the 107th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Appellant Jonathan Rey Chavez a/k/a Jonathan Chavez attempts to appeal a judgment convicting him of burglary of a habitation. The trial court sentenced appellant on November 18, 2014. Appellant filed his notice of appeal on April 26, 2021. On that

same day, the clerk of this Court notified appellant that it appeared the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. We dismiss the appeal for want of jurisdiction.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when a notice of appeal is filed within thirty days after the appellant's sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). When a timely motion for new trial has been filed, the notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. *Id*. R. 26.2(a)(2). This deadline may be extended if, within fifteen days after the deadline expires, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id*. R. 26.3.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, we do not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

We dismiss the appeal for want of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed on the
5th day of August, 2021.